IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DENNIS TATE,                          *
                                      *
        Plaintiff,                    *
                                      *
            v.                        *          CV 421-343
                                      *
TIMOTHY WARD, BROOKS BENTON,          *
B. KAIGLER, and 2 JONES,              *
                                      *
        Defendants.                   *

------------------------

O R D E R

------------------------

Plaintiff filed this lawsuit while housed at the Coastal State Prison. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 5 (granting IFP status).)

In his well-pled Complaint, Plaintiff asserted a number of claims against the Defendants regarding the general threat of violence within the prison, but Plaintiff has also attempted to amend his Complaint in a piecemeal fashion to include allegations of overall unsanitary conditions of the jail, smoke inhalation at the jail, the officials' continued failure to protect him from specific gang-related violence, retaliation, and failure to provide medical care. (See Doc. Nos. 6, 7, 9, 10, 11, 13, 14, 15, 16, 17, 18, 20, 21.) Because Plaintiff added those claims in a sporadic fashion, he must file an Amended Complaint, combining all

claims and allegations in one document and in compliance with the instructions described herein.  Initially, however, the Court must address Plaintiff's pending motions.

First, the Court **DENIES** Plaintiff's Motion to Appoint Counsel doc. no. 4).  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)).  Plaintiff's filings thus far have shown that he is proficient and capable of pursuing the relief he seeks, and the present circumstances are not exceptional.

Next, Plaintiff filed a Motion for Preliminary Injunction (doc. no. 6), requesting: (1) proper security on sidewalks; (2) a requirement that the prison report inmate assaults to the court; (3) to enjoin each Defendant from engaging in unconstitutional acts; (4) a transfer into a "protective custody institution;" and (5) that he not be placed in lockdown.  As support for his requests for this relief, Plaintiff claims that he is being threatened by gang members, and even though violence is rampant at the jail, the Defendants have ignored or even promoted that violence.  Plaintiff states that he will face irreparable harm if the Motion is not granted and that the threat of harm he faces is greater than the harm the officials would face if the injunction were granted.  He

2

also states that the grant of injunction will serve the public interest.

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp. Inc., 887 F.2d 1535, 1537 (11th 1989) (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1988)). As is noted by Plaintiff, those four requisites include: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing, 887 at 1537). Although Plaintiff has stated the verbiage of the required elements for a preliminary injunction, he has not sufficiently supported his conclusions in any way. He merely points to the allegations of his Complaint without providing an arguable basis to grant the relief sought. In short, Plaintiff Plaintiff has not carried his burden of persuasion with respect to the necessary elements, especially in light of the fact that state prison officials are entitled to significant deference from federal courts, which should refrain from needless interference in

the administration of state prisons.  See Prieser v. Rodriguez, 411 U.S. 475, 491-92 (1973).  Thus, the motion for preliminary injunction (doc. no. 6) must be **DENIED**.

Plaintiff next requests that the Court respond to his Complaint and serve the Defendants.  Plaintiff's Motion for a Response from the Court (doc. no. 16) is **DENIED** because the Court retains an inherent duty to police its own docket. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Brown v. Tallahassee Police Dep't, 2006 WL 3307444, at *1 (11th Cir. 2006).  His two Motions to Serve (doc. nos. 17 & 18) are likewise **DENIED** because service is premature at this time.  Plaintiff's pleadings must be screened to protect potential defendants prior to service.  See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A.

Finally, as noted, Plaintiff has made allegations beyond those existing within his original Complaint.  Although Plaintiff may amend his Complaint once as of right under Federal Rule of Civil Procedure 15(a), what Plaintiff has done is not permitted. See Holland v. Burnette, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009).  Therefore, in order to proceed with this case, Plaintiff must complete and submit the enclosed complaint form in accordance

with the instructions below within **twenty-one (21) days** of this Order.

The Court **DIRECTS** the **CLERK** to attach to Plaintiff's service copy of this Order a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number and Plaintiff's name but otherwise blank so that Plaintiff can list the Defendants he intends to sue. No more than six handwritten pages may be attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (per curium) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint).

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings (*i.e.,* doc. nos. 1, 4, 8, 9, 10, 11, 14) filed by Plaintiff. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i)

the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents," or attach exhibits as a basis for suing a Defendant. Thus, Plaintiff must name all the individuals whom he seeks to include as Defendants in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within **twenty-one (21) days** of the undersigned date, Plaintiff shall state in the amended complaint in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has

6

complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the amended complaint.

If Plaintiff fails to respond to this Order with the above-described amended complaint within **twenty-one (21) days**, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will dismiss this action without prejudice.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of July, 2022.

_____
UNITED STATES DISTRICT JUDGE